## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| LETICIA BROWN, ) | |
| ) | |
| Plaintiff, ) | Case: 3:25-cv-01297 |
| ) | |
| v. ) | |
| ) | |
| NATIONAL VISION INC., ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff, Leticia Brown ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against National Vision Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*. as amended, ("ADA") seeking redress for Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based discrimination, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

2. This lawsuit also arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's race-based and sex-based discrimination, race-based and sex-based harassment, and retaliation.

3. This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and Defendant's retaliation for Plaintiff requesting FMLA leave.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

5. Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction have been satisfied.

7. Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10. Plaintiff, Leticia Brown, is a natural person, over 18-years-of-age, who at all times relevant to the allegations in this Complaint resided in St. Clair County, Illinois.

11. Defendant, National Vision Inc., whose address is 10840 Lincoln Trail, Fairview Heights, IL 62208-2098, is a corporation that at all times material to the allegations in this Complaint was doing business in and for St. Clair County, Illinois.

12. Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA, 42 U.S.C. §12111(4).

13. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

14. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

15. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

16. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

17. At all times material, Defendant was an "employer" as defined by 29 U.S.C. §2611(4).

## BACKGROUND FACTS

18. Plaintiff worked for Defendant as a General Manager from in or around September 2021 until Plaintiff's unlawful termination on or about September 17, 2024.

19. Plaintiff is an African American female and a member of protected classes under Title VII due to her race (African American) and sex (female).

20. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA"), as she has a physical impairment—leukemia—that substantially limits one or more major life activities.

21. Throughout her employment, Plaintiff consistently performed her job duties in a satisfactory manner, was qualified to perform the essential functions of her position, and regularly worked full-time hours.

22. Plaintiff worked for Defendant for at least twelve (12) months prior to requesting medical leave and worked well over 1,250 hours in the twelve (12) months immediately preceding

her request for leave, thereby meeting the eligibility requirements for protected leave under the Family and Medical Leave Act ("FMLA").

23. Beginning in or around 2022, Plaintiff became the target of racially discriminatory and harassing conduct from her colleague, Maureen (LNU), a Caucasian, non-disabled employee.

24. Maureen directed repeated racially offensive remarks at Plaintiff, including saying "you smell like chicken," asking, "do a lot of Black girls wear synthetic wigs?," and commenting that Plaintiff and "her community" need to "improve [their] speech."

25. Plaintiff promptly reported Maureen's highly inappropriate, discriminatory comments to Human Resources by email.

26. Although Plaintiff believes Maureen received a written reprimand, this reprimand was merely perfunctory.

27. Defendant failed to take meaningful corrective measures, and the racially harassing behavior persisted.

28. Shortly after Plaintiff reported Maureen's discriminatory comments, Maureen began retaliating against Plaintiff by issuing multiple unwarranted disciplinary write-ups—four within a single month—allegedly for negative Google reviews and customer complaints.

29. Human Resources Representative Sarah (LNU) confirmed that no such complaints actually existed and downgraded the write-ups to warnings, yet the retaliatory targeting continued.

30. Maureen did not subject similarly situated Caucasian employees to the same scrutiny or discipline.

31. For example, Kristen (LNU) and Samantha (LNU), both Caucasian employees, took multiple days off work without any repercussions, and a Caucasian employee named Mike, despite having a known theft background, remained employed without heightened scrutiny.

32. By contrast, Maureen unjustifiably questioned Plaintiff's background and fitness for employment, even though Human Resources confirmed that Plaintiff had passed all background checks and met all employment requirements.

33. In or around January 2023, Plaintiff endured further harassment in the form of sexual misconduct.

34. During a work meeting, another female General Manager groped Plaintiff's breasts and rubbed herself against Plaintiff's private areas despite Plaintiff explicitly telling this General Manager that she (Plaintiff) was uncomfortable.

35. The same individual later attempted to enter Plaintiff's hotel room during a work trip without Plaintiff's consent.

36. Plaintiff reported this sexual harassment to Human Resources.

37. However, Defendant failed to take any disciplinary action against the perpetrator, leaving Plaintiff vulnerable to continued inappropriate conduct.

38. In or around August 2024, Plaintiff was diagnosed with leukemia, a serious medical condition that substantially limits major life activities.

39. Plaintiff promptly informed Defendant of her diagnosis and notified her employer of her need to take medical leave under the FMLA to undergo necessary, ongoing treatment, as Plaintiff had been and would continue to be under the continuous care of a physician.

40. Despite Plaintiff's clear eligibility for FMLA leave—having worked for Defendant for over twelve months and having worked more than 1,250 hours in the twelve months preceding her request—Defendant denied her request for leave, citing staffing shortages.

41. Defendant also failed to engage in any interactive process to determine what reasonable accommodations could be provided to Plaintiff.

42. Despite her serious health condition, in September 2024, Plaintiff's new District Manager, Nicole (LNU), required Plaintiff to train and coach new employees.

43. On or about September 17, 2024, one of the trainees falsely accused Plaintiff of causing her (the trainee) to cry during a coaching session.

44. Without conducting any investigation or allowing Plaintiff an opportunity to respond, Defendant terminated Plaintiff's employment within two hours of the allegation, citing vague "complaints."

45. This abrupt termination occurred directly after Plaintiff had requested protected medical leave and reasonable accommodations for her disability, strongly suggesting that Defendant's stated reason for termination was a pretext for unlawful discrimination and retaliation.

46. Ultimately, on or about September 17, 2024 Plaintiff was terminated on the basis of Plaintiff's disability, race, and sex and for engaging in protected activity as described above.

47. The purported justification for termination was unlawful discrimination on the basis of Plaintiff's protected classes.

48. Plaintiff can show that she engaged in statutorily protected activity—a necessary component of her retaliation claim—because Plaintiff disclosed her disability to her employer, requested reasonable accommodations for her disability, opposed race-based discrimination and harassment, opposed sex-based discrimination and sexual harassment, and requested protected medical leave under the FMLA.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

49. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

51. Plaintiff met or exceeded performance expectations.

52. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

53. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

54. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

55. Plaintiff is a member of a protected class under the ADA due to Plaintiff's disability.

56. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

57. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Failure to Accommodate)

58. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

59. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

60. Plaintiff is a qualified individual with a disability.

61. Defendant was aware of the disability and the need for accommodations.

62. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

63. Plaintiff's reasonable accommodations that were requested were not an undue burden on Defendant.

64. Defendant did not accommodate Plaintiff's disability.

65. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq.*, due to Plaintiff's disability.

66. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

67. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT III
### Violation of the Americans with Disabilities Act
### (Retaliation)

68. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

69. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

70. During Plaintiff's employment with Defendant, Plaintiff disclosed her disability to defendant and requested reasonable accommodations.

71. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

72. In response to Plaintiff disclosing her disability and requesting reasonable accommodations, Defendant failed to engage in the interactive process to determine the appropriate accommodations and ultimately terminated Plaintiff's employment.

73. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff disclosing her disability and requesting reasonable accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

74. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

75. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

76. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IV**
**Violation of 42 U.S.C. §1981**
**(Race-Based Discrimination)**

77. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

78. Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

79. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. §1981.

80. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

81. Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

82. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

83. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

84. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

85. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race, African American.

86. Plaintiff met or exceeded performance expectations.

87. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

88. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

89. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

90. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VI
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Harassment)

91. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

92. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

93. Defendant knew or should have known of the harassment.

94. The race-based harassment was severe or pervasive.

95. The race-based harassment was offensive subjectively and objectively.

96. The race-based harassment was unwelcomed.

97. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. due to Plaintiff's race, African American.

98. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

99. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VII
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

100. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

101. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq*. due to Plaintiff's race (African American) and sex (female).

102. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race-based and sex-based discrimination and harassment.

103. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

104. In response to Plaintiff's complaints, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race-based sex-based discrimination and harassment.

105. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

106. Plaintiff's suffered adverse employment action in retaliation for engaging in protected activity, specifically, termination.

107. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff reporting race-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

108. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

109. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT VIII
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

110. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

111. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

112. Plaintiff met or exceeded performance expectations.

113. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

114. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

115. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex, female.

116. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

117. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IX
### Violation of Title VII of The Civil Rights Act of 1964
### (Sexual Harassment)

118. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

119. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

120. Defendant knew or should have known of the harassment.

121. The sexual harassment was severe or pervasive.

122. The sexual harassment was offensive subjectively and objectively.

123. The sexual harassment was unwelcomed.

124. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., due to Plaintiff's sex, female.

125. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

126. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT X
### Violation of the Family And Medical Leave Act
### (FMLA Interference–Unlawful Denial of FMLA Rights)

127. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

128. In or around August 2024, Plaintiff was eligible for FMLA leave.

129. At all times material to this allegation, Plaintiff gave proper notice to her employer by informing them of her serious medical condition (leukemia), for which Plaintiff was undergoing continuous treatment, and which required Plaintiff to take leave from work in order to undergo intensive treatment.

130. Defendant controlled Plaintiff's work schedule and conditions of employment.

131. Plaintiff provided enough information for her employer to know that Plaintiff's potential leave may be covered by the FMLA.

132. Defendant knew that Plaintiff suffered from a serious health condition.

133. Defendant also knew that Plaintiff was under the continuous care of a physician, as she disclosed the need to undergo treatment when requesting FMLA leave.

134. Despite Defendant's knowledge of Plaintiff's medical condition and her need for leave, Defendant unlawfully denied Plaintiff's request to take leave protected under the FMLA.

135. By unlawfully denying Plaintiff's FMLA leave despite her eligibility and proper notice, Defendant interfered with Plaintiff's rights under the FMLA.

136. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

137. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT XI
### Violation of the Family Medical Leave Act
### (FMLA Retaliation)

138. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

139. Defendant terminated Plaintiff after Plaintiff provided notice of a request for FMLA leave.

140. Defendant terminated Plaintiff because she requested FMLA leave as described above.

141. Specifically, Plaintiff requested FMLA leave when she explained that she had a condition that was severe and life threatening (leukemia).

142. Defendant intentionally engaged in unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for requesting leave for medical reasons.

143. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

144. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

      a.      Back pay;

      b.      Payment of interest on all back pay and benefits recoverable;

      c.      Front pay;

      d.      Loss of benefits;

      e.      Compensatory and punitive damages;

      f.      Liquidated damages;

      g.      Reasonable attorneys' fees and costs;

      h.      Award pre-judgment interest if applicable; and

      i.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of June, 2025.

                                                              /s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Sophia K. Steere*
**SOPHIA K. STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575 - 8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*